IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND EDWARD GILL     *     CIVIL ACTION NO. JFM-07-2425
    *     CRIMINAL NO. JFM-01-0478
v.     *
    *
UNITED STATES OF AMERICA     *
*****

MEMORANDUM

Pending is *pro se* petitioner Raymond Edward Gill's motion filed pursuant to 28 U.S.C. § 2255 challenging his 151 month sentence of incarceration for bank robbery. The motion will be dismissed without prejudice.

The motion is not a model of clarity. First, petitioner alleges that although this court found him indigent and his restitution was to be paid upon supervised release, the U.S. Bureau of Prisons improperly forced him to pay restitution from 2002-2007. Paper No. 54. Further, he seemingly asserts that given the amendment to his sentence on January 26, 2007, he may file challenges to his convictions and sentence. He makes a number of naked statements regarding "restitution, downward departure....violation of double jeopardy, due process of law, violation of plea agreement."

Petitioner previously filed four other § 2255 motions challenging this conviction and sentence. *See Gill v. United* States, Civil Actions JFM-01-0478 (D. Md); JFM-04-2321 (D. Md.); JFM-05-2693 (D. Md.); and JFM-06-150 (D. Md.). As such, the instant motion is successive and may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit.[1] *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th

---

[1] The court makes the following observations. The judgment entered in April of 2002 provided that payments of petitioner's total fine and other criminal monetary penalties were to be paid in full immediately and that if the entire amount of the criminal monetary penalties was not paid prior to the commencement of supervision, the balance was to be paid in equal installments of $100.00 per month until paid in full. *See United States v. Gill*, Criminal No. JFM-01-0478 at Paper No. 21. The amended judgment

Cir. 1997). Petitioner does not indicate that he has obtained authorization to file a successive petition, and for this reason, it will be dismissed without prejudice.


Date: September 25, 2007                    /s/_____
                                            J. Frederick Motz
                                            United States District Judge

---

of January 26, 2007, entered by order of the court, provides that the special assessment was to be paid in full immediately, while the restitution was to be paid in monthly installments of $100.00 over a period to commence when petitioner is placed on supervised release, until paid in full. *Id*. at Paper No. 52. No other modifications were made to the original judgment. The judgment was amended for ministerial, not substantive, purposes. *See United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002). Consequently, the amended judgment does not provide a jurisdictional basis for the filing of a new § 2255 motion without circuit court authorization.

2